IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PATRICIA A. DOWNS,

       Plaintiff,

    v.

CITY OF LA CROSSE,

       Defendant.

OPINION AND ORDER

21-cv-537-wmc

---

*Pro se* plaintiff Patricia Downs has filed suit against the City of La Crosse arising out of her interaction with a La Crosse Police Department employee on August 19, 2019. Since Downs seeks to proceed without prepayment of the filing fee, the court is required to screen her complaint under 28 U.S.C. § 1915(e)(2). Because she is a *pro se* litigant, Downs is held to a "less stringent standard" in crafting pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, Downs filed an almost identical lawsuit in this court, *Downs v. City of La Crosse*, No. 19-cv-1054-wmc (the "'1054 case"), which was dismissed for lack of subject matter jurisdiction. For the reasons that follow briefly, the court reaches the same conclusion with this essentially identical lawsuit.

ALLEGATIONS OF FACT

Similar to her allegations in the '1054 case, on August 19, 2019, plaintiff Patricia Downs was leaving her job in Onalaska, Wisconsin, at about 11:00 a.m. As Downs was passing a garage driveway, she was almost hit by a red Ford van. Downs followed the van into the garage parking lot and observed a female exit from the driver's side of the vehicle.

1

Downs believes that person was La Crosse Police Department Officer Hughes. While Downs tried to talk to Hughes, she alleges Hughes drove away instead. Downs further claims that a sergeant witnessed the incident and did not help Downs.

Downs also believes that she recognized the individual driving the van from a previous encounter. Specifically, Downs alleges that at some point in the past, she had been crossing the street in front of the La Crosse Police Department parking lot, and someone shoved her into a cinder block building, knocking her out. While Downs does not allege who shoved her, she claims that the same woman who was in the van also woke her up after she had been knocked out.

Following this encounter, Downs subsequently called the mayor of La Crosse multiple times. Eventually, the mayor called her back, but assured her that the van she saw was not a La Crosse Police Department vehicle, and instead belonged to the Onalaska Police Department, a neighboring municipality.


OPINION

Like the '1054 case, this lawsuit is subject to dismissal because Downs has not identified a proper defendant. She may not proceed against the City of La Crosse, since she has not alleged that Hughes or any other police department employee acted in accordance with an unconstitutional policy or custom of the City or police department, which is a requirement to establish liability against a municipality or other governmental unit under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Again, the only allegations in Downs' complaint that could be directed to *the City* (or more specifically,

to its Police Department) relate her calls to the mayor, who allegedly denied that the van belonged to the La Crosse Police Department. Yet that interaction does not support a *Monell*-type claim against the City. *See Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007) ("A municipality may only be held liable under § 1983 for constitutional violations caused by the municipality itself through its own policy or custom.") (citing *Monell*, 436 U.S. at 694, 98).

Even assuming Downs intends to sue Hughes, Downs cannot proceed in federal court, which is one of limited jurisdiction. Generally, this court may only hear cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332.

Plaintiff does not invoke any federal law or constitutional right that would provide this court with jurisdiction under § 1331. Even construing her allegations broadly, Downs' allegations certainly do not suggest that she is asserting any rights under the U.S Constitution or a federal statute. Regardless, to bring a claim under 42 U.S.C. § 1983, a plaintiff must at minimum allege the violation of a right protected by the Constitution or laws of the United States. *See Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009) (setting forth elements of a § 1983 claim). Downs does not claim that Hughes' actions amount to a search, seizure or excessive force implicating her Fourth Amendment rights, which is the only theory of relief this court can even conceive might be brought, although even that would appear frivolous. Instead, Downs appears to be seeking relief based on Hughes' alleged attempt to hit her with a car -- a claim that would sound in the state law tort of

attempted assault or, possibly, intentional or negligent infliction of emotional distress. Because such a claim is not governed by federal law, this court lacks jurisdiction over Downs' claim under § 1331.

This court similarly lacks jurisdiction under § 1332, since Downs neither alleges that she is a citizen of a different state than defendant, nor that the amount in controversy in this case is greater than $75,000. Accordingly, the court will dismiss this complaint as well for lack of subject matter jurisdiction. To the extent Downs wishes to pursue a lawsuit against Hughes, she must do so in state court.

## ORDER

IT IS ORDERED that plaintiff Patricia Downs' motion for leave to proceed (dkt. #4) is DENIED, and this lawsuit is dismissed without prejudice for lack of subject matter jurisdiction.

Entered this 23rd day of March, 2022.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge

4